# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| JULIE A. SU, | ) | |
| Acting Secretary of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00698-DGK |
| | ) | |
| WONP51, LLC d/b/a THE COMBINE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

This case arises from the Acting Secretary of Labor's (the "Secretary") investigation into compliance with the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA"). The Secretary alleges WONP51, LLC d/b/a The Combine, Pizza 51, LLC d/b/a Pizza 51, Jason Prior, and Alan Kneeland (collectively, "Defendants") violated the FLSA when they operated an illegal tip pool, paid employees below the minimum wage, failed to pay overtime compensation, failed to maintain accurate records, and employed minors under the age of eighteen.

Now before the Court is Defendants' motion to dismiss the Secretary's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. For the reasons discussed below, the motion is GRANTED, but the Secretary is granted leave to amend the Complaint.

## Standard

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

## Discussion

Defendants argue the Secretary's Complaint "merely recites the base statutory elements." Suggestions in Supp. at 3, ECF No. 10. The Secretary contends the "complaint alleges sufficient factual detail to state facially plausible claims for relief," Suggestions in Opp'n at 3, ECF No. 12, but requests leave to amend the Complaint should the Court find otherwise, *id.* at 11 n.3.

After review, the Court finds the Secretary has failed to plead sufficient factual support. While the Complaint makes clear "all allegations and conditions described herein" occurred "from November 1, 2020 through April 30, 2022," the specific allegations contain no more than paraphrased language from and citations to the FLSA. Although Rule 8(a)(2) requires only "a short and plain statement of the claim," the Secretary's Complaint falls short. For example, the Complaint states Defendants "operated an illegal tip pool and shared tips with employees employed in non-tipped roles" but provides no other factual support. *See* Compl. at 4, ECF No. 1. The Secretary's remaining allegations are similarly deficient. More factual support is required.

## Conclusion

Accordingly, Defendants' motion to dismiss is GRANTED. The Secretary is granted leave to amend the Complaint and should do so on or before April 10, 2024.

**IT IS SO ORDERED.**

Date:   March 27, 2024            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT